## UNITED STATES *v.* QUIGLEY.

A., a merchant residing in Georgia, left there at the commencement of the rebellion, and, until its close, remained in loyal territory. On leaving, he intrusted his business to an agent, who, with money collected or acquired on his account, purchased, in 1864, cotton subsequently captured by the United States and sold. A. sued for the net proceeds thereof in the Court of Claims. *Held*, that he was entitled to recover.

APPEAL from the Court of Claims.

The facts are stated in the opinion of the court.

*Mr. Assistant Attorney-General Smith* for the United States

*Mr. John D. McPherson, contra.*

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

The facts of this case as gathered from the findings below are these: In 1860, the claimant, a native of Georgia, was domiciled at Dalton in that State, and doing business as a merchant. About the time the State seceded he left his home and his business and went to Indiana, where he remained until the end of the war. Before leaving he appointed an agent to manage for him while he was gone. This agent, in 1864, bought for him, with moneys collected or acquired on his account, two bales of cotton that were afterwards captured by the military forces of the United States at Savannah. The proceeds, $350.66, are now in the treasury under the Abandoned and Captured Property Act. On these facts the Court of Claims gave judgment against the United States, and to reverse that judgment this appeal was taken.

As was very properly said by the court below, if this claimant had remained at home in his native State and served the Confederacy during the entire war, acquiring his money and buying his cotton himself, this judgment would be right. No actual change of his domicile is shown, and his agent has done for him no more than he might himself have lawfully done if he had stayed where his property was. In no just sense was he trading across the lines with the enemy through the operations of this agent. He was simply saving what he had been compelled to leave, in order to avoid becoming in law an enemy of his government. His property being in enemy territory was enemy property, and subject to capture as such; but he was both in law and in fact a friend. The agency he left behind was only to manage what he could not take away; and as the money invested in the cotton was collected or acquired through this agency, we will presume it was obtained at the place he left rather than sent through the lines. If the facts were otherwise, the United States should have caused it to be so found. No other reasonable construction can be given to the findings as they appear in the record, than that the cotton is the proceeds of the property invested in the business the claimant was compelled to abandon in order to avoid becoming personally implicated in a rebellion against his government.

*Judgment affirmed.*