JUANA DASTAS GARROSI, Complainant,

*v.*

TOMAS GARROSI ET AL., Defendants.

---

OPINION ON MOTION TO REMAND CAUSE.

1. An averment that a party is a citizen of a certain state or country implies that he is, or at one time was, a resident thereof.
2. An amendment to a petition for removal, of a merely defective averment, may be allowed in this court.
3. Nonresidence as well as residence, once shown, is presumed to continue.

March 14, 1902.

---

*Mr. F. H. Dexter,* solicitor for complainant.

*Mr. C. M. Boerman,* solicitor for defendants.

HOLT, Judge, delivered the following opinion:

This cause is in this court by an order of removal made by an insular district court. The record in that court is here. After the removal the complainant appeared in this court, and procured an order permitting him to replead within a given time. This would not, however, cure lack of jurisdiction in this court, if it existed.

The complainant now moves to remand the case because the petition for removal does not aver that the defendant is a non-

Dastas Garrosi v. Garrosi.

resident. This is a necessary jurisdictional averment for removal. The defendant moves to amend his petition for removal by averring his nonresidence, and to this the complainant objects.

It is a rule in such a case that a mere defective averment may be made sufficient by amendment in this court. But if there be a want of a material and jurisdictional averment, it cannot be supplied by such an amendment. An amendment cannot be allowed, showing the cause might have been removed. In such a case the jurisdiction does not pass or attach to this court, although the state of insular court may in fact order the transfer. Carson v. Dunham, 121 U. S. 427, 30 L. ed. 994, 7 Sup. Ct. Rep. 1030; Crehore v. Ohio & M. R. Co. 131 U. S. 242, 33 L. ed. 144, 9 Sup. Ct. Rep. 692.

In this case, however, the petition for removal avers that the defendant is a citizen of France; in other words, an alien. Nonresidence once shown is presumed to continue. The averment of French citizenship implies that the defendant, at least at one time, resided there. A resident of the United States is presumed to be a citizen of the United States, and a citizen of France should be presumed to be a resident of that country. The proposed amendment is not, therefore, to supply a necessary averment, but to perfect one defectively made. At least it should be considered by legal implication or intendment, from the fact stated, as defectively made.

An order will, therefore, be entered overruling the motion to remand and allowing the amendment to be filed.