## CITY OF NEW CASTLE v. POSTAL TELEGRAPH-CABLE CO.

(Circuit Court, W. D. Pennsylvania. March 23, 1907.)

### No. 9.

REMOVAL OF CAUSES—MOTION TO REMAND—BURDEN OF PROOF.

On a motion to remand a cause to the state court, a mere allegation by defendant in an answer filed to the rule that the case involves a construction of the Constitution or laws of the United States is not sufficient to show jurisdiction in the federal court, without a statement of facts showing how such question can arise, and the nature and character of it.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 42, Removal of Causes, § 230.]

In Equity. On motion to remand to state court.

James A. Gardner, for complainant.
B. A. Winternitz and Rodgers, Blakely & Calvert, for respondent.

EWING, District Judge. This case is similar in all respects to that of the City of New Castle v. Western Union Telegraph Company, 152 Fed. 569, in which an opinion has just been filed, except that in the answer on the rule to show cause why the cause should not be remanded the defendant denies that the matter in dispute does not exceed the sum or value of $2,000, exclusive of interest and costs, and avers that a decree granting the relief prayed for by the plaintiff would subject the defendant to expense and damage greatly in excess of the sum of $2,000, exclusive of interest and costs, and that the value of the defendant's rights affected by this suit largely exceeds the sum of $2,000, exclusive of interest and costs; and, in addition, states that the defendant maintains many thousand offices throughout the United States for receiving and transmitting messages, from each and every of which intercommunication is had with each and every other office in the United States, including each and every such office in the state of Pennsylvania; that the defendant is therefore engaged in interstate commerce, and its poles and wires in the said city of New Castle form a part of the equipment of a through system of telegraph lines over which it transmits messages, not only throughout the United States, but to and from all parts of the civilized world; that by virtue of its compliance with the act of Congress approved July 24, 1866 (14 Stat. 221, c. 230), it is authorized to construct, maintain, and operate its lines of telegraph over and along any of the post roads of the United States, and that by the Act Cong. March 1, 1884, c. 9, § 1, 23 Stat. 3 [U. S. Comp. St. 1901, p. 2708], all public roads and highways kept up and maintained are declared to be post roads, and that the said highways passing in and through the said city of New Castle are post roads within the meaning of the act of Congress aforesaid, and therefore that the matter in dispute in this suit arises under the Constitution and laws of the United States, and for that reason alone the case is within the jurisdiction of this court.

Regarding the allegations as to the amount here in controversy, although stated in somewhat different language from that employed by the Western Union Telegraph Company in the case referred to,

they amount substantially to the same thing, and rise no higher than an allegation of that jurisdictional fact, without any evidence in support thereof, and are therefore met by the allegations of the plaintiff to the contrary. What has therefore been said in the case against the Western Union Telegraph Company is equally applicable here. The burden rests on the defendant and it has not produced the necessary evidence to support its contention.

Its allegations as to interstate commerce and its occupation of post roads are here introduced for the first time, and formed no part of the ground upon which it based its petition for the removal of the cause from the courts of Lawrence county, and, moreover, are not supported by any facts which show in what way any question does arise in this case involving any construction of the Constitution or laws of the United States. A mere allegation to that effect, without a statement of facts showing how such question can arise, and the nature and character of it, but rather giving only a legal conclusion, is insufficient. Gold-Washing & Water Company v. Keyes, 96 U. S. 199, 24 L. Ed. 656; Carson v. Dunham, 121 U. S. 426, 7 Sup. Ct. 1030, 30 L. Ed. 992.

It does not appear, therefore, that there is any better cause in this case for supporting the jurisdiction of this court than in that against the Western Union Telegraph Company, and for the reasons above given, in addition to those stated in the opinion filed in the case against the Western Union Telegraph Company above referred to, the rule is made absolute, and the case is remanded.