## HANS v. RAILWAY EXPRESS AGENCY, Inc., et al.

### No. 2878.

District Court, W. D. Missouri, W. D.

May 23, 1945.

Arthur Popham, of Kansas City, Mo., for plaintiff.

566

Winston H. Woodson and James Walsh, both of Kansas City, Mo., for defendants.

RIDGE, District Judge.

Defendant, Railway Express Agency, Inc., a non-resident of the State of Missouri, caused removal of this action for personal injuries from the State Court, on the ground of fraudulent joinder of the individual defendant, who is a resident of the State of Missouri.

The allegations in the plaintiff's amended petition state a joint cause of action against both defendants, if not fraudulently made.

Originally plaintiff sued the corporate defendant alone, and claimed damages for his injuries in the amount of Three Thousand Dollars ($3,000), exclusive of costs. Thereafter plaintiff obtained the depositions of certain employees of the corporate defendant, under State Court practice. Subsequently thereto, an amended petition was filed in which the individual defendant was joined as a party, and the claim for damages increased to Fifteen Thousand Dollars ($15,000).

At the hearing on plaintiff's motion to remand this cause to the State Court, the deposition of plaintiff, and those of the corporate defendant's employees, were introduced in evidence in support of contra contentions of the parties on the issue of fraudulent joinder. The evidence establishes this to be what is commonly termed, "A Hit and Run Case," of which both defendants deny knowledge or any participation.

The defendant Railway Express Agency, Inc., operates numerous express delivery trucks in Kansas City, Missouri, mostly over certain designated routes. From 31st Street, to 48th Street, on Troost Avenue in said city, is designated as Route 26–X; and, from 31st Street to 47th Street, beginning at Troost Avenue, and projecting east, is designated as Route 26 by said defendant. The regular driver of the truck used by said defendant on Route 26–X is Mr. Frederick C. Senft; and the regular driver of the truck used by said defendant on Route 26 is the individual defendant, Mr. Eugene V. Heider. Mr. Senft testified, in his deposition, that if he was working on Route 26–X on the day in question, he arrived thereon about noontime; that he makes only one trip south, and one trip north, each day over the route; that he, generally, leaves 48th Street, driving north on Troost Avenue, around 4:15 or 4:30 P. M.; that he is due to make a pickup of express at a place, some distance off his regular route, at 4:30 P. M., but generally arrives at said place about 4:45 P. M.; that he and the truck he drives are never on his regular route at any time after 4:30 P. M. Mr. Heider, the individual defendant, testified that, ordinarily, in covering Route No. 26 he leaves 47th Street and Troost Avenue, driving his truck north, at about 4:30 P. M.; that he is due at the Union Station at 5:00 P. M.; that in driving his truck north on October 6, 1944, the date in question, he did not have any accident with a street car at or near 34th and Troost (the place where plaintiff claims he was injured) around 4:30 or 4:45 P. M. (the time of the collision, as set by plaintiff). Plaintiff's testimony is that he, personally, does not know who owned the truck that struck the street car on which he was riding, breaking his arm in two places.

The removing defendant's contention is that because there is no evidence before the Court that one of defendant's trucks struck the street car in question and injured plaintiff, and from the positive statement of its driver, Mr. Heider, that on the day in question he did not have a collision with a street car near 34th and Troost Avenue, the joinder of the individual resident defendant compels the conclusion that it was fraudulently made. Such a conclusion does not reasonably follow from the record made at the hearing.

The motion to remand joins issue on the question of fraudulent joinder, claimed in the petition for removal; therefore, the burden of proof, as to such issue, is on the removing defendant. Polito v. Molasky, 8 Cir., 123 F.2d 258. To justify the removal of this case from the State Court the conclusion must be reached that there is no basis for the assertion of liability against the resident defendant. Morris v. E. A. duPont de Nemours & Co., 8 Cir., 68 F.2d 788, 792. The evidence at the hearing on the motion to remand did not establish the identity of the truck that struck the street car and injured plaintiff. The premise for liability, charged against the removing defendant, is that it was one of said defendant's trucks that struck the street car and injured plaintiff. Whether proof of such fact can be made at the trial on the merits is not a subject of inquiry in this removal proceeding. If, on the face of plaintiff's amended petition, a

cause of action is stated against the removing defendant (and one is so stated) we must assume, for the purpose of this action, that it is honestly made. The fraudulent charge to sustain this removal is directed to the joinder of the individual resident defendant as a party, and not that plaintiff has no cause of action against the removing defendant on the face of his petition.

The proposition for decision is: Is there any reasonable basis for the assertion that the defendant Heider was the driver of the removing defendant's truck, which we assume was the truck that caused plaintiff's alleged injury? The testimony of Mr. Heider, a driver of one of the removing defendant's trucks, circumstantially places Heider, and said truck, in the vicinity of the place where plaintiff claims the collision occurred at the approximate time plaintiff claims that he was injured. At the trial on the merits, if evidence is introduced, tending to prove that it was a truck owned by the corporate defendant that struck the street car and injured plaintiff, the further circumstantial evidence that Mr. Heider, an employee of said defendant, was driving one of its trucks, at the time and place where plaintiff claims to have been injured, would warrant a jury in finding that the defendant Heider was the driver of such truck. Such circumstantial evidence was ascertained by plaintiff after investigation and before Mr. Heider was made a party-defendant. Under these circumstances it cannot be said that there is no reasonable basis for the assertion of liability made against the individual defendant in this case, and that his joinder, as a party-defendant, was fraudulently made to prevent removal. The removing defendant has not sustained the burden of proof cast upon it to establish bad faith and fraudulent joinder of Mr. Heider as a party-defendant.

In the instant case, the removing defendant states in its petition for removal that: "At the time of filing plaintiff's said second amended petition; (plaintiff or his attorney) knew or, by reasonable investigation, could have known that defendant Eugene V. Heider, did not drive or operate a truck into collision with the street car mentioned in plaintiff's said second amended petition." This is the only statement in the petition for removal tendering the issue of fraudulent joinder. It is a mere conclusion and, consequently, insufficient to present such issue to this Court. No facts are there alleged that will compel a conclusion that had the plaintiff made an investigation, such as the removing defendant may have in mind, it would reveal any fact proving the defendant Heider was not the driver or operator of a truck of the removing defendant, at the time and place in question. If an investigation, such as the removing defendant concludes plaintiff should have made, would reveal a fact, to the effect, that defendant Heider was not in the employ of the removing defendant at the time and place in question, or some other similar fact, it should have so alleged in the petition for removal. A petition for the removal of a cause from the State Court should set out the facts on which the right of removal is claimed, and not conclusions of the pleader. Carson v. Dunham, 121 U.S. 421, 7 S.Ct. 1030, 30 L.Ed. 992. The statement, contained in the instant petition for removal, is not analogous to the allegations of fact contained in the petition for removal, under the situation in Polito v. Molasky, 8 Cir., 123 F.2d 258, as contended by the removing defendant.

For the reasons above stated, the motion to remand is sustained and this cause is remanded to the Circuit Court of Jackson County Missouri.