**Siegfried M. HERZIG, Plaintiff,**

v.

**TWENTIETH CENTURY–FOX FILM CORPORATION, a corporation, Leonard Goldstein, John Doe and John Doe Corporation, Defendants.**

No. 16849.

United States District Court,
S. D. California, Central Division.

March 25, 1955.

Fendler & Lerner, by Harold A. Fendler, Beverly Hills, Cal., for plaintiff.

Musick, Peeler & Garrett, by John P. Pollock, Los Angeles, Cal., for defendants.

HALL, District Judge.

The matter is before the Court on motion of defendant Twentieth Century-Fox Film Corporation to strike plaintiff's demand for jury trial.

Before giving consideration to that motion, however, a question of jurisdiction must be resolved.

The case was originally filed in the Superior Court of the State of California, in Los Angeles County, on October 26, 1953. After service of process on the defendant, Twentieth Century-Fox Film Corporation, and on November 13, 1953, Twentieth Century removed the case to the above court on the ground of diversity between it and the plaintiff. There is another named defendant, Leonard Goldstein, as well as John Doe and John Doe Corporation, all of whom are alleged to be residents of California.

The complaint is one for damages for unfair competition and unauthorized use of the title to a play called "Vickie."

The gravamen of plaintiff's complaint is set forth in Paragraphs V and VI thereof wherein it is alleged that "defendants, and each of them" committed the acts and did the things upon which

plaintiff's cause of action is based. Thus, the acts of all defendants were concurrent and neither separately alleged, nor are they severable from reading the allegations of the complaint.

At the time of the removal to this court from State court, service of process had not been made on defendant Leonard Goldstein or on the Does. On the original removal, defendant Twentieth Century alleged that Leonard Goldstein was joined for the purpose of preventing Federal jurisdiction "in that no cause of action was alleged against him." Thereafter plaintiff made a motion to remand to the Superior Court, which motion was granted in view of the fact that from the allegations of the complaint, the acts of all defendants were concurrent, and thus the complaint did state a cause of action against Twentieth Century, Goldstein, and the Does.

After the matter was remanded to the State court, plaintiff brought the matter on for setting for trial, and in the memorandum for setting, made the following statement:

"I hereby represent to the Court that this cause is at issue; that no amended or supplemental complaint or cross-complaint or other affirmative pleading remains unanswered; that to my knowledge no other parties will be served with a summons prior to the time of trial, and I know of no further pleading to be filed and know of no reason why the cause should not be tried as soon as the calendar of the Court will permit."

Thereafter, and on June 14, 1954, the defendant Twentieth Century again filed a Petition for Removal based upon diversity of citizenship. No motion for remand has been made by the plaintiff.

Nevertheless, it becomes the duty of this Court to examine the pleadings to determine whether or not it has jurisdiction even though the question has not been raised by the parties. Cheyne v. Atchison, T. & S. F. Ry. Co., 9 Cir., 1942, 125 F.2d 49, 50. The lack of Federal jurisdiction can be raised at any time, and if the matter proceeded to trial and jurisdiction were raised by the Appellate Court of its own motion, the litigation of any issues in this court will have been futile.

The removing defendant still insists that no cause of action is alleged against the unserved defendants who are residents of California, and that, in itself, is sufficient to warrant the removal on the ground of fraudulent joinder. I do not find any merit in that contention in view of the allegations in the complaint of concurrent action of all defendants, hereinbefore adverted to.

The removing defendant strenuously contends, however, that the joinder of Leonard Goldstein (and I take it the same thing applies to John Doe and the John Doe Corporation) is demonstrated to be fraudulent in having been made only for the purpose of defeating Federal jurisdiction by reason of the fact that after removal, plaintiff's counsel set the case for trial in the State court, and made the representations in the memorandum for setting hereinabove referred to.

The question of removability is to be determined according to plaintiff's petition at the time it was filed. Pullman Co. v. Jenkins, 1938, 305 U.S. 534, 535–537, 59 S.Ct. 347, 83 L.Ed. 334.

In Wilson v. Republic Iron & Steel Co., 257 U.S. 92, at page 97, 42 S.Ct. 35, at page 37, 66 L.Ed. 144, the Court stated: "* * * this right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy. Wecker v. National Enameling & Stamping Co., 204 U.S. 176, 185–186, 27 S.Ct. 184, 51 L.Ed. 430. If in such a case a resident defendant is joined, the joinder, although fair upon its face, may be shown by a petition for removal to be only a sham or fraudulent device to prevent a removal; but the showing must consist of a statement of facts rightly leading to that conclusion apart from the plead-

er's deductions. Chesapeake & Ohio Ry. Co. v. Cockrell, 232 U.S. 146, 152, 34 S.Ct. 278, 58 L.Ed. 544. * * * at the hearing the petitioning defendant must take and carry the burden of proof, he being the actor in the removal proceeding. Carson v. Dunham, 121 U.S. 421, 425-426, 7 S.Ct. 1030, 30 L.Ed. 992. But if the plaintiff does not take issue with what is stated in the petition, he must be taken as assenting to its truth, and the petitioning defendant need not produce any proof to sustain it. [Commonwealth of] Kentucky v. Powers, 201 U.S. 1, 33, 34-35, 26 S.Ct. 387, 50 L.Ed. 633."

This is not a case wherein the determining factor is whether or not the controversy is severable or nonseverable, as was the case of Pullman Co. v. Jenkins, supra. All of the acts alleged in the complaint are concurrent acts on the part of each of the defendants.

■ And the mere fact that the resident defendants have not been served is not of itself sufficient to constitute fraudulent joinder in a nonseparable controversy such as Pullman Co. v. Jenkins, 305 U.S. 534, 535, at page 541, 59 S.Ct. 347. Nor is mere misjoinder. Updike v. West, 10 Cir., 1949, 172 F.2d 663, certiorari denied 337 U.S. 908, 69 S.Ct. 1050, 93 L.Ed. 1720.

But where it appears that the plaintiff has no intention of serving the resident defendants and attempting to recover judgment against them, the Court is justified in concluding, as a matter of fact, that they were joined in bad faith for the sole purpose of preventing Federal jurisdiction, and that, hence, the joinder is fraudulent.

■ In the instant matter the undenied statements of plaintiff's counsel in the memorandum for setting filed in the State court, which have hereinbefore been quoted, coupled with his statement on argument that he was then willing to dismiss as against all defendants except Twentieth Century, compel the conclusion that the defendant Goldstein and the defendants John Doe and John Doe Corporation were joined for the purpose of preventing Federal jurisdiction, and that the only real controversy at the time of the filing of the petition for removal, and presently existing, is between the plaintiff, a resident of California, and the defendant, Twentieth Century-Fox Film Corporation, nonresident. Schindler v. Wabash R. Co., D.C.W.D.Mo.1948, 80 F. Supp. 685. Thus, the joinder of the resident defendants was fraudulent. The last petition for removal was properly made, and this Court has jurisdiction.

■ Coming now to the motion of defendant to strike the request for trial by jury. The request was not filed in time as required by Rule 81(c), Federal Rules of Civil Procedure, 28 U.S. C.A., that is, within ten days after the petition for removal was filed, or within ten days after service of notice of the filing thereof. The notice and a copy of the petition for removal was served upon plaintiff on June 17, 1954. Demand for jury trial was filed January 5, 1955, more than 200 days later. Plaintiff in an affidavit claims that the demand was filed in time because of excusable negligence on his part, F.R.C.P. rule 6(b) (2) principally because he was absent from the United States commencing October 13, 1954, and continuing to and until January 2, 1955. And that he had, prior to his departure, left a memorandum with his office to demand jury trial.

Even so, four months (118) days expired from the date of notice of removal until time of departure of plaintiff's counsel from the United States.

To allow such a period of time to elapse in contravention of the express provisions of Rule 81 would be a wanton disregard on the part of this Court of the Federal Rules of Civil Procedure.

Motion of defendant to strike plaintiff's demand for jury trial is granted.