**HERRIMAN IRRIGATION COMPANY, a corporation, Plaintiff,**

v.

**UNITED STATES SMELTING REFINING AND MINING COMPANY, a corporation, and Kennecott Copper Corporation, a corporation, Defendants.**

United States District Court
D. Utah,
Central Division.
Dec. 28, 1964.

32

Joseph Novak, Ray M. Harding, and Verl R. Topham, Salt Lake City, Utah, for plaintiff Herriman Irr. Co.

Raymond B. Holbrook and Paul B. Cannon, of Marr, Wilkins & Cannon, Salt Lake City, Utah, for defendant United States Smelting Refining and Mining Co.

Calvin Behle and James B. Lee, of Parsons, Behle, Evans & Latimer, Salt Lake City, Utah, for defendant Kennecott Copper Corp.

CHRISTENSEN, District Judge.

This suit initially was brought in the District Court of the Third Judicial District in and for Salt Lake County, State of Utah. It was removed to the United States District Court of the District of Utah upon averments in the petition for removal that the defendant United States Smelting Refining and Mining Company was a corporation organized under the laws of the State of Maine and maintaining its principal place of business within Massachusetts, that the defendant Kennecott Copper Corporation was a corporation organized under the laws of the State of New York and maintaining its principal place of business within the State of New York and that the plaintiff was a corporation organized under the laws of the State of Utah and maintaining its principal place of business in the State of Utah and that hence diversity of jurisdiction existed between plaintiff on the one hand and the defendants on the other.

The plaintiff has made a motion to remand based upon the claim that the defendants did not maintain their respective principal places of business in a state other than the State of Utah. The matter was set down for hearing upon the motion to remand in view of the issue thus raised. At this hearing the plaintiff did not press its claim that the defendant Kennecott Copper Corporation maintained its principal place of business within the State of Utah. The court is satisfied that upon the showing of record and in view of principles hereinafter mentioned which are more clearly applicable to Kennecott Copper Corporation than to United States Smelting Refining and Mining Company, the former must be held to be a citizen of the State of New York within the meaning of Section 1332, Title 28 United States Code Annotated.

Plaintiff strongly urges as to United States Smelting Refining and Mining Company, however, that its principal place of business was and is within the State of Utah and hence that diversity of jurisdiction does not exist between plaintiff and that defendant.

This issue being thus raised and pressed, I am of the opinion that the defendants claiming complete diversity of citizenship as the basis of removal and in resistance to the petition to remand, had the burden of proof to establish that the United States Smelting Refining and Mining Company upon the commencement of this action maintained its principal place of business within a state other than the State of Utah. Carson v. Dunham, 121 U.S. 421, 7 S.Ct. 1030, 30 L.Ed. 992 (1887). See also McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936).

In addition to the affidavit of Raymond B. Holbrook, Esquire, counsel for Western Operations of the said defendant, the oral testimony of Mr. Holbrook was presented on the question of the location of the principal place of business of United States Smelting Refining and Mining Company. It appeared to me at the time

of the hearing that the question was close, particularly in view of the fact that there were some relevant factors concerning his principal's over-all operations with which Mr. Holbrook was not acquainted and that these uncertainties would have to be resolved against the parties having the burden of proof. A study of the cases, and further reflection, have been convincing that the record is adequate to require a finding that the principal place of business of the defendant United States Smelting Refining and Mining Company, as well as that of Kennecott Copper Corporation, is in a state other than Utah and that such uncertainties as may exist in the record only emphasize the extraterritorial activities of the parent corporation and the limitations of its Utah operations, as substantial as they are. The local operations of the Utah Railway Company, a wholly owned corporate subsidiary, are also substantial but essentially autonomous. This does not aid plaintiff's position, since the latter is a separate corporation, free from any supervisory control by the Utah management of the defendant corporation.

While there does not appear to be any controlling decision in point, relevant considerations have been so recently and ably discussed by various courts as to make extended discussion here unnecessary. Some decisions emphasize the center of physical activity, Kelly v. United States Steel Corporation, 284 F.2d 850 (3d Cir. 1960) ; some a nerve center concept, Scot Typewriting Company v. Underwood Corp., 170 F.Supp. 862 (S.D. N.Y.1959) ; some the totality of circumstances, Gilardi v. Atchison, Topeka and Santa Fe Ry. Co., 189 F.Supp. 82 (N.D. Ill.1960). It is generally agreed that each case must be decided upon its own peculiar circumstances.

Unlike Kelly, supra, control in fact as well as theory is at the home office of United States Smelting Refining and Mining Company, most of the executive officers and directors reside there, and there are other states (Texas for tangibles and Maine for intangibles) where the valuation of corporate property is greater than in Utah. Unlike Gilardi, supra, and a recent case decided by the other division of this court (Civil 239–63, Anaconda v. Standard Oil—no published opinion), the historical development of the corporation in question negates jurisdictional contrivance and supports the claim of diversity.

The circumstances here are not such as have been accepted properly to render the location of corporation management and control unimportant. Invoking the doctrine of Scot, supra, in its most persuasive application, the facts caution against the fragmentation of activities at specific places, for by so doing in this case we could be led to think that the defendant has two principal places of business, or possibly even three, its investments in each being roughly comparable and its tangible or intangible operations not greatly disparate. Where far flung activities no one of which by itself constituting a principal one, are directly carried into a common center of activity and control, where the selling of products, the management of production, the investment of proceeds, the banking of profits, the recording and reporting of results and the activity of supervisory personnel are largely concentrated, and it cannot be said realistically that there is any other principal place of business, the criticism in Kelly, supra, of the "nerve center" concept must not preclude the recognition of the principal place of business where it is shown actually to be. See also Sabo v. Standard Oil Company of Indiana, 295 F.2d 893 (7th Cir. 1961) ; Egan v. American Airlines, Inc., 324 F. 2d 565 (2d Cir. 1963).

The petition to remand is denied.