**Sharon HALEY, guardian/parent and next best friend of Jerome Davis, a minor Plaintiff**

v.

**FORD MOTOR COMPANY Defendant**

**No. CIV.A. 5:05CV113–DCB.**

United States District Court,
S.D. Mississippi,
Western Division.

Oct. 18, 2005.

Kevin Dwight Muhammad, Kevin Dwight Muhammad & Associates, Fayette, MS, for Sharon Haley Guardian/Parent and Next Best Friend of Jerome Davis, A Minor, Plaintiff.

David L. Ayers, Watkins & Eager, Jennifer Ann Rogers, Watkins & Eager, Jackson, MS, for Ford Motor Company, Defendant.

### MEMORANDUM OPINION AND ORDER TO SHOW CAUSE

BRAMLETTE, District Judge.

This matter comes before the Court on the plaintiff's Motion to Remand and Motion for Rule 11 Sanctions [docket entry no. 5]. Having reviewed the Motion, briefs, applicable statutory and case law and being otherwise fully advised as to the premises, the Court finds as follows:

### FACTS AND PROCEDURAL BACKGROUND

On May 30, 2003, Jerome Davis, a passenger in a 2001 Mazda pickup truck, was involved in a motor vehicle accident. The plaintiff claims that the air bags on the truck failed to deploy and that the minor Davis suffered severe injuries as a result. Specifically, the plaintiff claims that Davis "sustained serious injuries and damages to his head, face, back, leg and neck and suffered discomfort and incurred medical expenses as a result of this incident." Compl., ¶ 12.

The plaintiff, Davis' mother, originally filed an action in the Circuit Court of Jefferson County, Mississippi, on August 21, 2004, claiming that Ford Motor Company ("Ford"), who manufactured the vehicle in which Davis was riding, and the car dealership from which the pickup truck was purchased were liable for Davis' injuries on a number of different theories. *See* August 2004 Compl. (Civ. Action No. 5:03cv460). In the August 2004 complaint, the plaintiff sought compensatory damages for an unspecified amount and sought punitive damages in the amount of $20,000,000.00. That case was subsequently removed to federal court by Ford on the basis of diversity jurisdiction. *See* Def. Response to Pl. Motion to Remand, at 5. Ford argued in response to the plaintiff's motion to remand that the dealership, which was of the same citizenship as the plaintiff, had been fraudulently joined so as to improperly defeat diversity jurisdiction. The plaintiff's motion for remand and for Rule 11 sanctions against Ford was denied, and shortly thereafter, the plaintiff filed a motion to dismiss the action without prejudice. That motion was granted in January of 2005. *See* Order dated January 5, 2005 (Civ. Action No. 5:03cv460).

A few months later, in April of 2005, the plaintiff refiled essentially the same action, again in state court, but this time, the plaintiff named only Ford as a defendant and omitted the previous request for $20,000,000.00 in punitive damages. Ford again removed the case to federal court on the basis of diversity. The plaintiff countered with the current Motion to Remand and Motion for Rule 11 Sanctions, arguing that Ford has not shown that the amount in controversy exceeds the jurisdictional amount.

### DISCUSSION

**I. Standard for Remand**

Federal courts are courts of limited jurisdiction. Removing defendants bear the burden of establishing federal subject matter jurisdiction. *See Pullman Co. v. Jenkins,* 305 U.S. 534, 540, 59 S.Ct. 347, 83 L.Ed. 334 (1939) *Carson v. Dunham,* 121 U.S. 421, 425–26, 7 S.Ct. 1030, 30 L.Ed. 992 (1887); *Jernigan v. Ashland Oil Co.,* 989 F.2d 812, 815 (5th Cir.1993); *Gaitor v. Peninsular & Occidental S.S. Co.,* 287 F.2d 252, 253–54 (5th Cir.1961). "Only state-court actions that could have originally been filed in federal court may be removed to federal court by the defen-

dant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). Thus, where there is no federal question basis for jurisdiction, as in this case, the defendant bears the burden of showing that diversity jurisdiction exists.

## II. Has Ford Demonstrated the Requisite Amount in Controversy?

Pursuant to 28 U.S.C. § 1332, federal courts have subject matter jurisdiction over cases where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is. between ... citizens of different States[.]" While there is no question that the parties in this case are "citizens of different States[,]"[1] there is a dispute over whether the requisite amount in controversy has been met. The Fifth Circuit Court of Appeals, in *White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir.2003), described the following procedure for determining whether the jurisdictional amount in controversy has been established:

> In removal practice, when a complaint does not allege a specific amount of damages, the party invoking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. The district court must first examine the complaint to determine whether it is "facially apparent" that the claims exceed the jurisdictional amount. If it is not thus apparent, the court may rely on "summary judgment-type" evidence to ascertain the amount in controversy.

■ The Fifth Circuit has also recognized that while plaintiffs are generally "masters of their complaints,"[2] there is a potential for manipulation of federal jurisdiction by allowing a party to plead damages less than the jurisdictional amount "if their pleadings do not limit the actual damages they may ultimately collect." *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 n. 14 (5th Cir.1995). Where no amount has been specifically pled in the complaint, the defendant may still overcome a motion for remand by showing through a preponderance of the evidence that the amount in controversy exceeds the statutory requisite. *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir.1993). Removal "cannot be based simply upon conclusory allegations." *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 774 (5th Cir.2003) (citing *Allen*, 63 F.3d at 1335).

■ As the underlying complaint in this case does not request a specific amount of damages,[3] that pleading must be further examined to determine if it is otherwise "facially apparent" that the requisite amount in controversy has been met. This analysis focuses on the nature of the damages alleged: *See Simon v. Wal–Mart Stores, Inc.*, 193 F.3d 848, 851 (5th Cir. 1999) (holding that damages comprising an injured shoulder, bruises, abrasions, unidentified medical expenses and a loss of consortium did not satisfy the amount in

---

1. Ford is both incorporated and has its principal place of business in a state other than Mississippi. *See* Notice of Removal, ¶ 3. The plaintiff is a resident and citizen of Jefferson County, Mississippi. *Id.*

2. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586, 82 L.Ed. 845 (1938) (holding that where the complaint requests a specific sum of damages, that amount controls if made in good faith).

3. The complaint requests "[a]ctual and [c]ompensatory damages in the amount to be proved at trial; [c]ourt [c]ost and; [s]uch other and further relief that this Court considers deems [sic] proper." Compl., ¶ 18. There is no specific claim for punitive damages in the present complaint.

controversy requirement). *But see Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir.1999) (holding that jurisdictional amount was met where the complaint listed damages including property damages, travel expenses, emergency ambulance trip, six-day hospital stay, pain and suffering, humiliation and a temporary ability to not do housework). Here, the plaintiff has claimed that Davis has suffered "serious" injuries and damages to his head, face, back, leg and neck and also has had discomfort and incurred medical expenses. While these injuries, as alleged, could well be sufficient to justify a damage award surpassing the requisite amount in controversy, without knowing the exact nature of the injuries sustained by Davis it is not "facially apparent" from the complaint that the amount in controversy has been met.[4] Thus, Ford must set forth facts beyond the complaint to establish federal jurisdiction.

The plaintiff argues that Ford has failed to do so, and that the defendant has only made conclusory allegations that the amount in controversy has been met. *See* Motion for Remand, ¶ 5. In response, Ford contends that there are several factors, in addition to the nature of the damages claimed, that support a finding that the jurisdictional amount has been met. First, the defendant points out that the plaintiff, despite her challenge to diversity jurisdiction, never states in her Motion for Remand that the amount in controversy is $75,000.00 or less. Ford argues that the plaintiff is attempting to manipulate federal jurisdiction not by purposely undervaluing the claim for damages in her complaint, but rather by making no statement at all with regard to damages. *See* Def.

Response to Motion for Remand, at 3. Second, Ford states that it sent a letter to the plaintiff's counsel asking for him to clarify whether the plaintiff would "affirmatively state or stipulate that she was not seeking, did not intend to seek, or would not accept damages in excess of $75,000.00, exclusive of interest or costs." *Id.* To date, Ford contends that it has received no response to this request from the plaintiff. Third, the defendant notes that the plaintiff filed an earlier claim against Ford, making the same claims, which arose out of the same series of events. *Id.* at 4–5. Ford notes that in that earlier complaint, the plaintiff sought $20,000,000.00 in punitive damages along with an unspecified amount of compensatory damages.

In *Katzman v. American Airlines, Inc.*, No. 97CIV.8321, 1997 WL 752730 (S.D.N.Y. Dec. 4, 1997), a district court was faced with a similar, albeit not identical, situation. The plaintiff in *Katzman* filed for voluntary dismissal after his case was removed to federal court on the basis of diversity jurisdiction. *Id.* at *1. Shortly after the dismissal was granted, the plaintiff refiled the same claim in state court but pled only $74,000.00 as the amount in controversy. *Id.* The defendant requested the district court to nullify the previous dismissal and retain jurisdiction on the grounds that the plaintiff had engaged in improper game-playing. *Id.* The district court declined to do so, basing its decision upon the absolute right of a plaintiff to dismiss his case before an answer has been filed. *Id.* However, the court noted that the defendant was not left without recourse. The proper course of action was for it to remove the new case and argue

---

4. For example, a "serious" head injury might be a laceration to the scalp that required a few stitches for treatment, or it might be a fractured skull accompanied by hemorrhaging in the brain cavity. Whereas the former injury would not likely give rise to damages in excess of $75,000, the latter certainly could. Thus, describing an injury as "serious" offers very little instruction as to the actual amount in controversy is in this case.

that the real amount in controversy was higher than the amount alleged. *Id.* at \*2. Though it did not explicitly state so, the district court apparently felt that the amount claimed in the prior complaint could serve as evidence of the "real amount in controversy" in the subsequently filed claim. *See also St. Paul Mercury Indem. Co.*, 303 U.S. at 288–89, 58 S.Ct. 586 (holding that the plaintiff cannot defeat federal jurisdiction by reducing his claim for damages after removal because the amount in controversy is determined by looking at the complaint when filed).

There is some indication that the plaintiff in this case has engaged in artful pleading in an attempt to defeat federal jurisdiction.[5] After having her initial action brought in August of 2004 retained by the district court, the plaintiff moved to dismiss her case. A few months after that dismissal was granted, the plaintiff again filed essentially the same claim in state court, but this time the complaint appears to be purposely drafted in such a way as to leave very little indication about what the true amount in controversy is, without actually limiting the plaintiff's potential recovery.

The plaintiff has given no indication that she intends to limit her claimed damages below the jurisdictional amount of this Court. She made no claim for a specific sum of damages in her complaint or in her Motion for Remand, and neither has she provided an affidavit indicating that her claimed damages do not meet the amount in controversy requisite nor has she responded to the defendant's request to clarify the amount of damages she actually is seeking. *See Asociacion Nacional de Pescadores a Pequena Escala o Artesanales de Colombia v. Dow Quimica de Colombia, S.A.*, 988 F.2d 559, 566 (5th Cir.1993), *abrogated on other grounds* by *Marathon Oil Co. v. Ruhrgas*, 145 F.3d 211 (5th Cir.1998) ("[A]t least where the following circumstances are present, [the removing party's burden of establishing diversity jurisdiction] has not been met: (1) the complaint did not specify an amount of damages, and it was not otherwise facially apparent that the damages sought or incurred were likely above [$75,000.00]; (2) the defendants offered only a conclusory statement in their notice of removal that was not based on direct knowledge about the plaintiff's claims; and (3) the plaintiffs timely contested *with a sworn, unrebutted affidavit* indicating that the requisite amount in controversy was not present.") (emphasis added). The presence of a binding affidavit submitted by the plaintiff that limits her ability to recover more than the jurisdictional amount would, if offered, place this case squarely within *Dow Quimica*'s holding.[6] *See also Gebbia v. Wal–Mart Stores*,

---

5. It should be noted that no fundamental problem exists where a plaintiff dismisses her complaint in federal court and refiles in state court, if the plaintiff wishes to claim less than the jurisdictional amount of damages to stay in state court. After all, the plaintiff is normally the master of her complaint, and she is entitled to forego her claims for recovery beyond $75,000.00 if remaining in state court is more appealing to her. However, it is troublesome when a plaintiff purposely remains ambiguous in an attempt to defeat federal jurisdiction. While the plaintiff is entitled to some choice in determining where to litigate her case, it is not her right to deny a defendant its right to remove a case to federal court where federal jurisdiction exists.

6. Basing a decision to remand upon a post-removal affidavit would not run afoul of *St. Paul*'s rule which prohibits a plaintiff from defeating federal jurisdiction by amending his complaint after removal, although some courts have held otherwise. *See Matter of Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992) (holding that once a defendant removes a case, *St. Paul* makes later filings irrelevant); *Unified Catholic Schools of Beaver Dam Educ. Ass'n v. Universal Card Servs. Corp.*, 34 F.Supp.2d 714, 718–19 (E.D.Wis.1999). The

*Inc.,* 233 F.3d 880, 883 (5th Cir.2000) (holding that post-removal affidavits can be considered in determining the amount in controversy if jurisdiction is ambiguous at the time of removal); *In re Norplant Contraceptive Prods. Liability Litigation,* 918 F.Supp. 178, 179 (E.D.Tex.1996) (holding that a plaintiff can defeat removal by filing a binding affidavit with her complaint stating that she will not seek or accept more than the jurisdictional amount). Thus, if so inclined, the plaintiff may easily establish our lack of jurisdiction by submitting an affidavit.

■■ In seeking remand, it is not the plaintiff's burden to *disprove* the existence of federal jurisdiction. A significant difference between the August 2004 complaint and the plaintiff's current complaint is that the latter does not contain a claim for punitive damages. Therefore, there is no clear evidence before this Court, as there was in the prior case, that the amount in controversy has been met. The Court declines to speculate as to whether the jurisdictional amount is present in this case. In the absence of an affidavit from the plaintiff which states that she will not seek, nor will she accept, more than $75,000.00, exclusive of interest and costs, the parties will be required to produce to the Court all evidence that they have as to known and ascertainable damages that the plaintiff is claiming in the present suit. Such damages could include, but are not limited to, medical expenses for Davis' injuries, property damage, and loss of wages. Additionally, if there is no affidavit, the parties will provide the Court with a detailed description of the full extent of Davis' alleged injuries. After such evidence has been produced, the defendant will then have the opportunity to demonstrate to the Court why federal diversity jurisdiction is proper over this action.

## CONCLUSION

Based on the reasoning and authority set forth above, the Court finds that there is insufficient evidence as to what the actual amount in controversy is in this case. Therefore, the Court requires more information from the parties before it can rule on the plaintiff's Motion to Remand. Accordingly,

IT IS HEREBY ORDERED THAT the plaintiff has five (5) days from entry of this Order to file a Notice to this Court indicating whether or not she intends to submit a binding affidavit limiting her recovery from the defendant to less than $75,000.00, exclusive of interest and costs;

IT IS FURTHER ORDERED THAT if the plaintiff indicates in her Notice that she will not file a binding affidavit limiting her recovery below the jurisdictional amount of this Court, both parties shall produce evidence to this Court within ten (10) days of service of such Notice, demonstrating all known and ascertainable damages which the plaintiff may seek in this case, including a description of the extent of Davis' injuries and all medical expenses that he has incurred as a result of the May 30, 2003 motor vehicle accident;

IT IS FURTHER ORDERED THAT the defendant has seven (7) days from the service of the plaintiff's response to show cause to this Court why it has subject matter jurisdiction and that this case

Seventh circuit decision, however, does not address a situation where the amount in controversy was initially ambiguous as presented in the complaint. In such a case, a post-removal affidavit would not be *altering* the amount in controversy, but would rather be

*clarifying* it. *See Cross v. Bell Helmets, USA,* 927 F.Supp. 209, 214 (E.D.Tex.1996) ("Damage stipulations filed before a federal district court has passed upon its determination of jurisdiction are permissible if they *clarify* as opposed to *amend* an original petition.").

should not be remanded to the Circuit Court of Jefferson County, Mississippi.