THOMPSON v. WARD et al.

(District Court, N. D. Iowa, E. D. June 29, 1912.)

No. 14, Law.

1. REMOVAL OF CAUSES (§ 107*)—RESIDENCE—EVIDENCE.

A cause having been removed on the ground that both defendants were nonresidents and citizens of Illinois, evidence *held* insufficient to show that defendant W. was not a resident of Iowa, where he was served, at the time of service,

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 178, 225–234; Dec. Dig. § 107.*]

2. REMOVAL OF CAUSES (§ 107*)—PETITION FOR REMOVAL—AMENDMENT—TIME.

Where defendant sought to remove a cause on the ground that both defendants were nonresidents and citizens of another state, the petition for removal could not be amended, after the time to answer had expired, so as to allege, as ground for removal, that defendant railroad company was a nonresident, and that the petition showed on its face a separable controversy between plaintiff and defendant railroad company.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 178, 225–234; Dec. Dig. § 107.*

Separable controversy as a ground for removal of cause to federal court, see notes to Robbins v. Ellenbogan, 18 C. C. A. 86; Mecke v. Valleytown Mineral Co., 35 C. C. A. 155; Pollitz v. Wabash R. Co., 100 C. C. A. 4.]

At Law. Action by Charles Thompson against G. S. Ward and the Illinois Central Railroad Company. On motion to remand. Granted.

Sager, Sweet & Edwards, of Waterloo, Iowa, for plaintiff.
Helsell & Helsell, of Ft. Dodge, Iowa, for defendants.

REED, District Judge. The plaintiff brought this suit in the state court against the defendants to recover from them jointly damages for an alleged assault and battery, and a malicious arrest and false imprisonment. The defendants jointly filed a petition to remove the cause to this court upon the ground alone of diverse citizenship, alleging that they were both citizens of Illinois, and the plaintiff a resident of Iowa when the suit was commenced. The

state court ordered the removal, and the record has been filed in this court.

[1] The plaintiff moves to remand upon the ground that the defendant Ward was, when the suit was commenced, a citizen and resident of the state of Iowa, and that the petition for removal was therefore improperly granted.

From the affidavit filed by the plaintiff it appears that Ward was, or had been for some time prior to the commencement of the action, in the employ of the defendant railroad company as a special agent, and detailed to look after its property in Waterloo, Black Hawk county, Iowa, but his duties are not otherwise more definitely stated; that he had resided with his wife for more than a year prior to the commencement of the action in Waterloo, Iowa, and voted in that city at the general election in Iowa, in 1910. The action was commenced against Ward by the service of the original notice upon him in Waterloo, December 6, 1911, at the place in that city where he had previously resided.

It is claimed by the defendants that Ward removed from Waterloo to some place in Illinois before the suit was commenced, and that he was not a resident of Waterloo or in the state of Iowa thereafter. Ward made an affidavit in Illinois May 9, 1912, which reads in this way:

"I, G. S. Ward, being first duly sworn, say that I am defendant in above cause, and at the time of the commencement of said suit I did, ever since have, and still reside in Cook county, Illinois, and am a citizen of Illinois."

Two other persons, residents of Chicago, made affidavits as follows:

"That said G. S. Ward at the time of the commencement of said suit was not a citizen of Iowa, having been removed therefrom since October 10, 1911; further, that the household goods of said Ward have been in storage in a warehouse in Chicago since December 12, 1911; further, that the headquarters of said Ward have from that time been in Chicago until recently, when he was transferred to Carbondale, in said state, where he is now temporarily located."

These affidavits were made in Chicago May 11, 1912. They are quite indefinite, and fail to show their knowledge, or means of knowledge, of the ultimate facts which they state. Ward does not deny that he voted in Waterloo at the general election of 1910, and it must be presumed that he was at the time of such election (in November, 1910) a citizen of, and actually residing in the state of Iowa; otherwise, he would not have been entitled to vote at said election, and it will not be presumed that he voted illegally. There was no general election in Iowa in 1911. The alleged assault and malicious arrest and imprisonment of the plaintiff is alleged in his petition to have occurred at Waterloo on October 17, 1911. The return of service of the original notice shows that the service was personally made upon Ward in Waterloo, December 6, 1911, as before stated, and the person serving it makes affidavit that the service was made upon Ward at his (Ward's) place of residence in Waterloo in the presence of his wife, where they were then liv-

ing, and neither stated that they were not then residents of Iowa, but the wife stated in the presence of Ward that they intended soon to move from Iowa to some other state.

There are some other facts which tend to show that, at the time the action was commenced and the service made upon Ward, he had not then removed from the state of Iowa, and that he was then a resident of that state. The burden is upon the defendants to show that Ward was not a citizen and resident of Iowa when the action was commenced. That he was such citizen and resident in November, 1910, is not and cannot be successfully disputed; and such citizenship and residence is presumed to continue until the contrary is affirmatively shown, and it is not affirmatively shown in this case that Ward ceased to be a resident of Iowa prior to the commencement of this action.

The railroad company is, and was when the suit was commenced, an Illinois corporation operating its railroad in Iowa; but this is not sufficient to warrant the removal of the cause to this court.

[2] The defendant railroad company has filed an amendment to the petition for removal, in which it is alleged that the petition of the plaintiff shows upon its face a separable controversy between the plaintiff and the defendant railroad company. This is not properly an amendment to the original petition for removal, but is the bringing forward of another and different ground of removal, and comes too late. It should have been made at or before the time the defendant was required to answer or plead to the plaintiff's petition in the state court, which was not done.

It follows that the motion to remand must be and is sustained, and it is ordered accordingly.