## EARLEY et al. v. HERSHEY TRANSIT CO.
### Civil Action No. 1300.

District Court, M. D. Pennsylvania.
July 22, 1944.

Leon M. Levy and Joseph T. McDonald, both of Scranton, Pa., for plaintiffs.

Fitzgerald & Kelly, of Scranton, Pa., for defendant.

WATSON, District Judge.

This suit was instituted on January 15, 1944, by Anna Earley, as guardian of John Earley, her minor son, and Anna Earley in her own right, against The Hershey Transit Company to recover damages for personal injuries to said John Earley. It is alleged in the complaint that Anna Earley is, that is, at the time the suit was instituted, a citizen of the State of New York and a resident of the City of Utica, and that The Hershey Transit Company, the defendant, is a resident of the State of Pennsylvania.

The defendant has moved to dismiss the action for the reason that the plaintiffs are not residents and citizens of the State of New York, but are citizens and residents of the State of Pennsylvania and, therefore, there being no diversity of citizenship, this Court is without jurisdiction. It is conceded that the defendant is a citizen and resident of the State of Pennsylvania.

The question is, was the plaintiff, Anna Earley, a citizen of the State of Pennsylvania on January 15, 1944, when the suit was instituted. If she was, this Court is without jurisdiction.

Depositions were taken on behalf of the defendant, and the only witness called was Anna Earley, who testified that, since November 5, 1942, she has lived continuously in Utica, New York, where she is employed; that her place of residence is in the house of her sister; and that, at the time she was first employed in Utica, she maintained, and still maintains, an apartment in Dunmore, Pennsylvania, in which her three daughters reside. She further testified that she maintains the Dunmore apartment as a place for storage of household goods until she can find suitable living quarters in Utica; that her three daughters were living in Utica for a time but returned when conditions became too crowded in the home of her sister.

The term "citizen", as used in the Judiciary Act with reference to the jurisdiction of the federal courts, is substantially synonymous with the term "domicile". Delaware, L. & W. R. Co. v. Petrowsky, 2 Cir., 250 F. 554, 557.

It is conceded that Anna Earley was domiciled in Pennsylvania when she went to Utica, New York, on November 5, 1942, and the burden is unquestionably upon her to show a change of domicile. In re Sealey v. United States, D.C., 7 F.Supp. 434.

In August, 1943, Anna Earley stated in a letter to the Hershey Industrial School: "As you know, I am working in a defense plant here in Utica, N. Y. for the past year. My home address is still in Dunmore." There is nothing to show that the conditions were any different on January 15, 1944, when this suit was commenced.

While there is ample evidence that the plaintiff intends to move the family to New York, and intends to move the furniture to New York, and intends to remain there even after the war has ceased, there is little or no evidence that the plaintiff has in fact made her domicile there to uphold the burden which is upon her. The abandoning of one domicile for another means much more than a mere change of residence. It is a serious proceeding, and intention so to do should be shown by most satisfactory evidence, which does not exist here. It appears, therefore, that the Court is without jurisdiction of this action, and defendant's motion must be granted.