## MESSICK v. SOUTHERN PENNSYLVANIA BUS CO.

Civil Action No. 3734.

District Court, E. D. Pennsylvania.

March 26, 1945.

Todd Daniel and Henry Temin, both of Philadelphia, Pa., for plaintiff.

John J. McDevitt, Jr., of Philadelphia, Pa., for defendant.

BARD, District Judge.

This is a civil action seeking damages for personal injuries sustained on October 14, 1943. Defendant denies plaintiff's allegation of diversity of citizenship and has filed a preliminary motion to dismiss the action for lack of jurisdiction under Rule 12(d) Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

Defendant contends that both parties were citizens of Pennsylvania when the action was brought in May, 1944. Both plaintiff and defendant have taken depositions and the question is now at issue before the court.

Plaintiff was born and raised in Sussex County, Delaware. He married in Georgetown, Delaware, in 1921 and his wife and two of his three children have always lived in Milton, Delaware. The family now occupies a six room home which the plaintiff leased since 1941, for which the plaintiff purchased furniture. Plaintiff and his wife maintain a joint bank account in the Sussex Trust Company, Milton, Delaware. He paid a state income tax in Delaware for 1942 and 1943; the 1944 tax not being due at the time of argument. He paid a Habitation Tax in Sussex County, Delaware for 1942, 1943, 1944 and a Capitation Tax to the town of Milton during the same period.

Plaintiff worked for the American Viscose Company in Marcus Hook, Pennsylvania, for the past fifteen years. For some time prior to the date of the beginning of this action he rented furnished rooms at various addresses in and around Chester, Pennsylvania. He remained in Chester as a matter of convenience, since the distance between Milton and Marcus Hook was too great for commuting, returning to Milton during week-ends and at other intervals. He has lived in Milton since the accident, but still retains the room in Chester "as a matter of convenience" on trips to Philadelphia for medical attention. There is no evidence of any difficulties between the plaintiff and his family which might indicate a separation.

On June 17, 1939, plaintiff registered as a voter in Chester, Pennsylvania and qualified as a voter by his statement that he had lived in Chester since 1938. Defendant offered documentary proof that plaintiff had voted in Chester in November 1940 and in the primary election of May 1942. Plaintiff registered his automobile in Pennsylvania and carries a Pennsylvania owner's card and driver's license.

■ The litigant seeking the jurisdiction of a federal court must plead the essential jurisdictional facts and has the burden of establishing these facts by a preponderance of the evidence if the allegations are challenged by his adversary. Gilbert v. David, 235 U.S. 561, 35 S.Ct. 164, 59 L.Ed. 360; McNutt et al v. General Motors Acceptance Corporation, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135. The plaintiff has sustained this burden by proof that he was a citizen of Delaware when the action was instituted since it is conceded that the defendant is a citizen of Pennsylvania and the amount in controversy exceeds $3000. Act of March 3, 1875, c. 137, § 1, Jud.Code § 24(1), 28 U.S.C.A. § 41(1).

■ "Citizenship" signifies the identification of a person with a state and a participation in its functions. Harding v. Standard Oil Co., C.C.Ill., 182 F. 421; Pioneer Southwestern Stages, Inc. v. Wicker, 9 Cir., 50 F.2d 581. It implies a person possessing social and political rights and bearing social, political, and moral obligations to a particular state. Dred Scott v. Sandford, 19 How. 393, 15 L.Ed. 691. Citizenship and domicile are substantially synonymous terms and, with respect to the jurisdiction of federal courts, domicile is the test of citizenship. Bjornquist v. Boston & A. R. Co., 1 Cir., 250 F. 929, 5 A.L.R. 951, certiorari denied 248 U.S. 573, 39 S.Ct. 11, 63 L.Ed. 427; Delaware, L. & W. R. Co. v. Petrowsky, 2 Cir., 250 F. 554, certiorari denied 247 U.S. 508, 38 S.Ct. 427, 62 L.Ed. 1241; Shreveport Long Leaf Lumber Co., Inc. v. Wilson, D.C., 38 F.Supp. 629; cf. Pannill v. Roanoke Times Co., D.C., 252 F. 910.

■ Domicile denotes a place of residence accompanied by an intention to remain there for an unlimited time. Mitchell v. United States, 21 Wall. 350, 22 L.Ed. 584; United States ex rel. Devenuto v. Curran, 2 Cir., 299 F. 206. A man may have several residences and can change his residence at will; but domicile, once established, so remains until a new domicile is gained. In re Kalpachnikoff, D.C., 28 F.2d 288. A change in residence for the purpose of seeking employment or for convenience in working conditions does not, without more, indicate a change in domicile. Pioneer Southwestern Stages, Inc. v. Wicker, supra; Earley v. Hershey Transit Co., D.C., 55 F.Supp. 981. The law presumes that a married man's domicile is where his wife and family reside, if that is at a permanent home and there is no proof of a separation, Petition of Wright, D.C., 42 F.Supp. 306; Petition of Oganesoff, D.C., 20 F.2d 978, and a new residence for convenience during employment elsewhere is insufficient to rebut that presumption.

■ Plaintiff's registration of his automobile in Pennsylvania is inconclusive in establishing his domicile. Watters v. Ralston Coal Co., D.C., 38 F.Supp. 16. The Vehicle Code of Pennsylvania merely requires that the registration application show the "actual or bona' fide address of the owner," i. e. the present living address which may or may not be the applicant's domicile. Act of May 1, 1929, P.L. 905, as last amended by Act of June 29, 1937, P.L. 2329, § 1, 75 P.S. §§ .91, 92.

■ The strongest evidence upon which the defendant relies is the fact that plaintiff registered as a voter in Pennsylvania in 1939 and participated in Pennsylvania elections of November 1940 and May, 1942. Voting raises a presumption that the voter is a citizen of the state in which he votes. De Marcos v. Overholser, 74 App.D.C. 42, 122 F.2d 16, certiorari denied 314 U.S. 609, 62 S.Ct. 97, 86 L.Ed. 490; Glaspell v. Davis, D.C., 2 F.R.D. 301; Baker v. Keck, D.C., 13 F.Supp. 486; Thompson v. Ward, D.C., 199 F. 861. But this presumption may be rebutted by evidence showing a clear intention that the domicile be otherwise. Glaspell v. Davis, supra; Baker v. Keck, supra; C. F. Thompson v. Ward, supra. Plaintiff admits that at the time he registered as a voter, he intended to move his family to Chester and establish a new home there. However, because of temporary unemployment, he abandoned this intention and the family remained in Delaware. Subsequent to registration in Pennsylvania and during the period in which he voted there, plaintiff rented a home for his family at Milton, Delaware, to which he adjourned when possible and in which he was living at the time suit was brought. His taxes during that period were paid in Delaware. It was plaintiff's intention that his home be and remain in Milton. This evidence is sufficient to rebut the presumption raised by voting in Pennsylvania that plaintiff's domicile is in that state. It is clear that plaintiff's residence in Pennsylvania was merely a matter of convenience to him, and there was never a coincidence of an intention to remain there permanently with the factum of residence so that domicile by choice in Pennsylvania could be inferred. United States ex rel. Devenuto v. Curran, supra.

This court has jurisdiction based upon diversity of citizenship. The motion to dismiss the action is denied.