## Petition of CORREA.
### No. 7609.

District Court, W. D. Texas, El Paso.
Aug. 11, 1948.

[2] See Section 6 of the Act of April 22, 1908, c. 149, Sec. 6, 35 Stat. 66, as amended, 45 U.S.C.A. § 56.

George Rodriguez, of El Paso, for petitioner.

Brooks Thomas, of El Paso, for the government.

THOMASON, District Judge.

This case involves the petition of Manuel Correa for admission to citizenship of the United States. He has met all the requirements of the law necessary to citizenship except that of residence, which the United States Immigration and Naturalization Service has contested.

Section 707, of the Nationality Code, 8 U.S.C.A., reads in part as follows: "(a) No person, except as hereinafter provided in this chapter, shall be naturalized unless such petitioner, (1) immediately preceding the date of filing petition for naturalization has resided continuously within the United States for at least five years and within the State in which the petitioner resided at the time of filing the petition for at least six months, (2) has resided continuously within the United States from the date of the petition up to the time of admission to citizenship, * * *".

Petitioner Correa is a male alien, native and national of Mexico, forty years old and married. He was lawfully admitted to the United States at El Paso, Texas, on November 6, 1928, although he had worked continuously in the United States since 1923. He is a waiter in El Paso, Texas, but at various times including the present, has rented an unfurnished room in El Paso at several different locations, for which he paid $5 a month rental and furnished same himself with a few necessary items of furniture. He was married on May 31, 1934, to a native of Mexico, where the marriage ceremony was performed. His wife is not a citizen of the United States. Five children were born of said marriage and all of them were born in Juarez, Mexico, in the years 1934, 1937, 1939, 1940 and 1941, respectively, and his wife and all of his children do now and have continuously resided in the petitioner's home in Juarez, Mexico. He has lived continuously with his wife and children since their marriage and he maintains a residence and supports his wife and children at their home address in Juarez, Mexico, and has done so continuously since the date of his marriage. The petitioner testified that he has over the years and does now spend three nights a week with his family in Juarez, Mexico, which is just across the river from El Paso, Texas; that he eats, sleeps and visits there with his family until it is time for him to report for his work the next day in El Paso; that he spends three nights a week in his small

rented room in El Paso, Texas, and that sometimes he spends the fourth night in El Paso and sometimes in Juarez. He testified that he keeps some of his clothing in El Paso at his room and some of his clothing in Juarez with his family; that his wife does some of his laundry and that he sends some of it to a commercial laundry in El Paso, Texas; that his expenses in connection with his room in El Paso, Texas, are for room rent only at $5 per month; that when he stays in El Paso, Texas, he takes his meals at the hotel where he is employed as waiter but when he goes to Juarez he eats with his family; that he pays income tax in the United States only on his earnings. The petitioner testified: "I maintain a room here (El Paso, Texas) for the convenience of my work."

The record also shows that petitioner owns and has fully paid for his home in Juarez, Mexico, including the furniture and fixtures therein; that said home is a duplex and that he rents out part of it to another family from which he receives rents and that he has owned this property in Juarez, Mexico, for the past eight years.

The facts in the case In re Barron, D.C., 26 F.2d 106, 107, are very similar to those in this case, in which it was said that "residence depends largely on intention, the intention is to be gathered from the acts of the petitioner rather than from his declarations".

In that case the petition was denied. The court said: "The testimony of the petitioner, however, like the acts of the petitioner, actually indicates an intention to reside in the United States at a future date rather than at any particular time prior to August 6, 1925. The petitioner ate and slept in Detroit in order that he might work, earn money and acquire an education, intending at a future date to have a permanent home in Detroit. In the meantime he continued to have his actual present home in Amherstburg (Canada) with his parents, where his wife and child lived, and where he spent just as much of his time as possible, consistent with his labors and studies."

■ One "resides" where he has his residence. The term "residence" is not always used in the sense of domicile and its meaning in a legal phrase must be determined in each case. American Law Institute Restatement, Conflict of Laws (Fourth Draft) Section 12.

■ In the naturalization statute the term "resided in the United States" is used in the sense of having a domicile in the United States.

The intention to make a home must be an intent to make a home at the moment and not to make a home in the future. (American Law Institute Restatement, Conflict of Laws (Fourth Draft) Section 22).

■ In the case of Petition of Oganesoff, D.C., 20 F.2d 978, 980, the court said: "Naturalization is not a natural right, but a privilege conferred by statutes, which prescribe the conditions to be met. Doubts should not be construed in favor of the petitioner. The authorities are clear that an applicant for citizenship must prove the period of his residence, which is a question of fact much discussed in legal lore. The court must consider all the facts bearing upon the subject in reaching a conclusion. * * * While the words 'domicile' and 'residence' may be distinguished for certain purposes, I think they are synonymous for the purpose of naturalization. It has often been held that they are synonymous, and I think the authorities bear out the conclusion here expressed. Statutes using these two terms have frequently been construed to this effect. Delaware, etc., Railway Co. v. Petrowsky, 2 Cir., 250 F. 554; Boucicault v. Wood, 3 Fed.Cas., page 988, No. 1693; Raymond v. Leishman, 243 Pa. 64, 89 A. 791, L.R.A.1915A, 400, Ann.Cas.1915C, 780. Intent, of course, is a very important factor in determining where one's residence or domicile is at any given time. That, however, is not determined by the simple statement of the interested party."

■ The presumption is that a married man's residence is where his family resides, when the family resides at a permanent home and no separation has taken place as in this case. Gaddie v. Mann, C.C., 147 F. 955, and numerous like decisions from both Federal and State Courts.

■■ The petitioner lays much stress upon the fact that the El Paso City directories for several years listed his name. This

was the act and statement of another person, and does not, in view of petitioner's testimony, establish legal residence. The Court likewise thinks there is no merit in petitioner's claim that he registered for selective service in El Paso during World War II, because this was required not only of all American citizens, but likewise of all aliens of proper age who were residing or abiding in the United States. 50 U.S. C.A. Appendix, § 302; Blue v. Hiatt, D.C., 55 F.Supp. 107.

It was not the intent of Congress and is not the intent of the law to admit a person to citizenship who lives here in order to obtain better wages or improve his financial condition and at the same time raise and maintain a family, educate his children, buy his home and spend his money in a foreign country. This would be a dangerous and unwise precedent that would encourage countless foreigners to file applications without assuming the duties and responsibilities of American citizenship.

The petition must be denied because the applicant has not "resided" continuously within the United States for at least five years immediately preceding the date of filing his petition as required by law.