Notice of Remittance
Held in Suspense Account No. ———

Office of Collector of Internal Revenue,
——— District of ———

Internal Revenue in Charge,

_____

No. ———
Date of Deposit ———

Amount of
Remittance $———

Date Received ———

Date Cleared ———

Classified as ———

List ———

_____

Remarks:

John Doe
Collector of Internal Revenue
by ——— Cashier.

Reverend M. J. DIVINE, also known as
Father Divine, Plaintiff,

v.

UNION NEWS COMPANY, Defendant.
Civ. A. No. 21028.

United States District Court
E. D. Pennsylvania.
March 11, 1957.

Doris M. Harris, Philadelphia, Pa., for plaintiff.

John E. Mulder, Philadelphia, Pa., for defendant.

WELSH, District Judge.

It is averred in plaintiff's amended complaint (which is based on diversity of citizenship and jurisdictional amount) that plaintiff is a citizen of the Commonwealth of Pennsylvania and defendant is a New York corporation (and hence a citizen of the State of New York).

The defendant has moved to dismiss, contending that this Court lacks jurisdiction over the subject matter for the reason that plaintiff is not a citizen of the Commonwealth of Pennsylvania. The affidavits submitted in support thereof disclose the following facts: Plaintiff has never voted or registered in the City of Philadelphia, the political subdivision of the Commonwealth where he claims to reside. He took up residence in the City of Philadelphia for the sole purpose of escaping process servers in New York State where he previously resided. He has never paid any income taxes in the City of Philadelphia, Commonwealth of Pennsylvania. He has never filed any Federal Income Tax return in any of the Federal Internal Revenue Districts within the Commonwealth of Pennsylvania. He has never owned real estate in the Commonwealth of Pennsylvania and has never owned any personal property in said Commonwealth. He has no bank account in the Commonwealth of Pennsylvania. He does not conduct any business in said Commonwealth. Residences are maintained for him in several States of the United States. On one occasion, when he was asked by one Sara Harris about the date and place of his birth, he stated that he "was combusted one day on the corner of Seventh Avenue and 134th Street in Harlem", New York City. On another occasion, when he was asked by one Bruce Chapman where he was born, he replied that he "came to America so that he might be called an American".

Plaintiff's counter-affidavits show: He is not registered as a voter in any jurisdiction whatsoever. He denies that his motive for becoming a citizen of the City of Philadelphia was to escape process servers. He has no income. He has no real estate, personal property or bank account in the Commonwealth of Pennsylvania or elsewhere. He does not conduct any business in the Commonwealth of Pennsylvania or elsewhere. In July, 1942, he became a citizen of the City of Philadelphia, Commonwealth of Pennsylvania, and established his home or residence at 772 South Broad Street, Philadelphia, Pennsylvania, and since said date he has continued to reside at the said address and has at all times intended it to be his home. He states that the alleged quotation of Sara Harris is completely untrue and the alleged quotation by Bruce Chapman is not an exact quotation and has been distorted by reason of its being taken out of context.

1. Since the jurisdiction of this Court was challenged by an appropriate motion to dismiss supported by affidavits, it was plaintiff's burden to establish said jurisdiction. In our judgment, plaintiff adequately met this burden by filing the counter-affidavit, the averments of which are substantially set forth above.

2. Hence, defendant's motion to dismiss the amended complaint will be denied.

[3] 3. By way of alternative relief, defendant has requested that the question of this Court's jurisdiction, which relates to the question of whether or not plaintiff is a "citizen" of the Commonwealth of Pennsylvania within the meaning of Title 28 U.S.C § 1332(a)

(1),[1] be heard and determined preliminarily pursuant to Federal Civil Rule 12 (d), 28 U.S.C. Section 723(c), et seq. We exercise the sound discretion vested in us by said Rule 12(d) by denying the defendant's request. We feel that the question of this Court's jurisdiction or plaintiff's "citizenship" could more fairly be threshed out at the trial on the merits of the general issue.

1. "(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $3,000 exclusive of interest and costs, and is between: (1) Citizens of different States."