**BROADSTONE REALTY CORPORA-TION, Plaintiff,**

v.

**Thomas Mellon EVANS, Defendant.**

United States District Court
S. D. New York.
Dec. 27, 1962.

262

Mudge, Stern, Baldwin & Todd, New York City, for plaintiff.

Kissam & Halpin, New York City, James H. Halpin, New York City, of counsel, for defendant.

EDELSTEIN, District Judge.

This is an action to collect $50,000 in brokerage commissions. Plaintiff, a New York corporation, instituted suit in the Supreme Court of New York County on April 19, 1962. On May 7, 1962, defendant removed the action to this court. The removal petition alleged that defendant was a citizen of the State of Connecticut and that, accordingly, this court's jurisdiction was based on the requisite diversity of citizenship and jurisdictional amount. 28 U.S.C. § 1331 (a), as amended, 28 U.S.C.A. § 1331(a) (Supp.1962); 28 U.S.C. 1441.[1] On May 8, 1962, defendant served plaintiff with a notice to take depositions. Plaintiff thereupon moved to remand the case to the forum of origin, the Supreme Court of New York County, on the ground that "the case was removed improvidently and without jurisdiction." 28 U.S.C. § 1447(c).[2] Plaintiff contends that the

1. "§ 1441. Actions removable generally

"(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

"(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

2. "§ 1447. Procedure after removal generally * * *

"(c) If at any time before final judgment it appears that the case was removed improvidently and without juris-

alleged diversity of citizenship, which the defendant seeks to establish by his removal petition, does not exist in fact, and that, consequently, this court lacks jurisdiction over the subject matter of this action. Plaintiff submits that the allegations of the removal petition have been contrived to give the appearance of diversity for the purpose of vesting jurisdiction in this court.

Plaintiff urges that the affidavits submitted in support of the jurisdictional question afford an inadequate and unsatisfactory basis for the court's decision and asks leave to adduce additional evidence for the dual purpose of (1) augmenting its presentation of the motion, and (2) in order to provide the court with a more complete factual basis on which it may predicate its decision. Plaintiff asserts that it lacks knowledge sufficient to enable it to rebut the allegations of Connecticut citizenship in defendant's removal petition and its affidavit. To remedy this purported lack of information, plaintiff seeks an opportunity by way of pretrial discovery to test the veracity of the defendant's allegations and to obtain evidence in rebuttal. It also requests an order requiring Evans to produce certain deeds, documents and other papers for inspection and copying and argues that only after these additional facts are adduced will the court be in a position to determine whether or not it has jurisdiction of the subject matter. In addition, plaintiff seeks to stay the taking of depositions by defendant until the jurisdictional issue is resolved.

The plaintiff's affidavit pertaining to defendant's business and social activities is replete with allegations that defendant has wide-reaching business and personal relationships that necessarily involve activities in many states, including the State of New York. Plaintiff contends that these allegations, if established, would negative defendant's claim of Connecticut citizenship and would demonstrate that defendant is a citizen of New York.

The affidavit has been executed by plaintiff's attorney and the factual allegations therein are made on the basis of "information and belief," as follows: The defendant's place of business is at 300 Park Avenue, New York City; that defendant owns a summer home on Fishers Island, Suffolk County, and has paid property taxes to the State of New York. Plaintiff states that defendant, in 1961, purchased a large duplex apartment in New York City and has spent a considerable sum of money in remodeling it for occupancy. Prior to the occupancy of this duplex, defendant, since 1943, maintained an apartment at the Waldorf-Astoria Towers in New York City for his sole use and occupancy. Defendant is a member of a number of clubs whose offices are in New York City. He has recently applied for membership in the River Club which is located on the first floor of the apartment house in which his apartment is located. It is further alleged that he owned at least one automobile that was registered in New York in 1961. Defendant spends "more than one half of his time" in the State of New York at the above-named place of business and at his apartment residence. Defendant spends only "a small portion of his time" in the State of Connecticut although he has owned a home there since 1954. Defendant also owns homes in the States of Georgia, Virginia and Pennsylvania, where he spends some time during each year.

Plaintiff does not assert that defendant's principal or permanent residence is in the State of New York, but seeks to establish defendant's New York citizenship by urging the court to adopt a "center of contacts" test in determining citizenship for diversity purposes. Under

diction, the district court shall remand the case, and may order the payment of just costs. A certified copy of the order of remand shall be mailed by its clerk to the clerk of the State court. The State court may thereupon proceed with such case."

plaintiff's "contacts" test the citizenship of an individual is coincident with the state which is the "center of his activities" and in which he has his "most significant contacts." Plaintiff alleges that defendant's Connecticut activities are of a sporadic and casual nature whereas his New York activities are recurrent and regular and are thus consistent with his citizenship there. Since New York State, according to plaintiff's information and belief, is the center of defendant's business and social contacts, plaintiff contends that defendant is a citizen of New York.

The allegations of defendant's affidavit were made by defendant's attorney. Subsequently defendant executed a separate affidavit in which he swore that he had read the affidavits of both parties, and that the allegations in his attorney's affidavit were a true and correct representation of the facts. Defendant does not dispute that he owns residences located in New York, Georgia, Pennsylvania and Virginia. He acknowledges that he belongs to many clubs that have offices located in New York, but adds that he belongs to similar social clubs in Connecticut, Pennsylvania and elsewhere.

Defendant does not deny that he has "significant contacts" with the State of New York. He does, however, dispute the accuracy of some of the statements concerning these contacts. Defendant denies that he maintains an office or place of business at 300 Park Avenue, in New York City, and states that he is merely an officer of several corporations that maintain offices at that address. Defendant is also affiliated with companies which have offices in Pittsburgh, Pennsylvania, and he spends considerable time there on business.

Evans also denies that since 1943 he has maintained a residence at the Waldorf-Astoria Towers in New York City. He states that these accommodations were maintained by certain companies with which he is affiliated and were never used as residences for his wife and family.

Defendant alleges affirmatively that he is a domiciliary of Connecticut, and that he has been domiciled there since April 1954, when he moved from Pittsburgh, Pennsylvania, his domicile of origin. He asserts that since 1954 he and his family have made their permanent home on Round Hill Road in the town of Greenwich, Connecticut, and that all of the other residences are maintained merely for convenience or as summer or winter vacation way-stations. Moreover, he states that since establishing his domicile in Connecticut in 1954, he has consistently given his residence as Round Hill Road, Greenwich, Connecticut, in deeds, hotel registrations, and passports and other documents requiring a declaration of residence. Furthermore, defendant's sons and stepdaughters, when registering at school, have listed their home as Round Hill Road, Greenwich, Connecticut.

He also states that he has been an enrolled voter in Greenwich, Connecticut, and from 1954 to the present time he has voted there and nowhere else. He alleges that since establishing his residence in Connecticut he has paid the personal property taxes which are levied on Connecticut residents. In contradistinction to his Connecticut tax status, defendant submits that he is not, and has not been, subject to the New York State Personal Income Tax Law, N.Y. Tax Law, McKinney's Consol. Laws, c. 60, § 350.[3] This provision subjects New York

3. "§ 350. Definitions
\* \* \* \* \*
"7. The word 'resident' applies only to natural persons and includes any person domiciled in the state, except a person who, though domiciled in the state, maintains no permanent place of abode within the state, but does maintain a permanent place of abode without the state, and who spends in the aggregate not to exceed thirty days of the taxable year within the state. In addition, it includes any person who maintains a permanent place of abode within the state and spends in the aggregate more than one hundred eighty-three days of the taxable

domiciliaries to a tax on their personal income. It also exacts a levy on those who are not domiciled in New York but who maintain a place of abode there and who, in addition, spend more than one hundred and eighty-three days of any year in the State of New York.

In sum, defendant contends that despite his many contacts with other states he is a domiciliary of Connecticut. As for plaintiff's contention that he is a New York citizen, defendant points out that the statements in the plaintiff's moving affidavit are of no evidentiary value since they are based on information and belief without any disclosure as to the source of the information or the ground of the belief and without an explanation as to why the affidavit is not made by an affiant with knowledge of the facts. Moreover, defendant claims that the allegations in the affidavit are for the most part inaccurate and untrue. But even assuming *arguendo* that plaintiff's allegations were correct, defendant contends that they would not establish that defendant is a citizen of New York.

██ It is well established that "[w]ith respect to the diversity jurisdiction of the federal courts, citizenship has the same meaning as domicile. It imports permanent residence in a particular state with the intention of remaining * * *. Residence alone is not the equivalent of citizenship, although the place of residence is prima facie the domicile; and citizenship is not necessarily lost by protracted absence from home where the intention to return remains." Stine v. Moore, 213 F.2d 446 (5th Cir., 1954); Pemberton v. Colonna, 189 F.Supp. 430 (E.D.Pa.1960), aff'd. 290 F.2d 220 (3rd Cir., 1961); Paudler v. Paudler, 185 F.2d 901 (5th Cir., 1950), cert. denied, 341 U.S. 920, 71 S.Ct. 742, 95 L.Ed. 1354 (1950); Eastern Metals Corporation v. Martin, 191 F.Supp. 245

(S.D.N.Y.1960). A person may have several residences and can change his residence at will but domicile, once established, so remains until a new domicile is legally acquired. Messick v. Southern Pennsylvania Bus Co., 59 F.Supp. 799 (E.D.Pa.1945). The purchase or lease of a new residence for convenience or for the purpose of making working conditions tolerable does not, without more, indicate a change in domicile. Earley v. Hershey Transit Co., 55 F.Supp. 981 (M.D.Pa.1944). Messick v. Southern Pennsylvania Bus Co., supra. And a married man's domicile is presumed to be where his wife and family reside, if that is at a permanent home, and there is no proof of separation. Petition of Correa, 79 F.Supp. 265 (D.Texas 1948); Messick v. Southern Pennsylvania Bus Co., supra. The acquisition of a new residence for occupancy during employment away from a permanent home is insufficient to rebut that presumption. Messick v. Southern Pennsylvania Bus Co., supra; Earley v. Hershey Transit Co., supra. Voting is an important consideration in determining domicile. It has been held to raise a presumption that the voter is a citizen of the state in which he votes, but the presumption may be rebutted by evidence showing a clear intention that domicile is to be elsewhere. Pemberton v. Colonna, supra; DeMarcos v. Overholser, 74 App.D.C. 42, 122 F.2d 16 (1941), cert. denied 314 U.S. 609, 62 S.Ct. 97, 86 L.Ed. 490 (1941); Glaspell v. Davis, 2 F.R.D. 301 (D.Ore.1942); Baker v. Keck, 13 F.Supp. 486 (E.D.Ill.1936). See Messick v. Southern Pennsylvania Bus Co., supra.

██ Despite plaintiff's contentions to the contrary, the authorities render it abundantly clear that defendant could not be deemed a New York citizen for diversity purposes even if the plain-

year within the state, whether or not domiciled in the state during any portion of said period, and such a person shall be taxed the same as though he had been domiciled in the state during the entire taxable year. A resident estate

or trust includes an estate or trust created by or consisting of property of a person domiciled within the state or an estate of a deceased person who at the time of death was domiciled within the state."

tiff's allegations were established. Plaintiff has made no allegation that defendant has a permanent residence in New York or that defendant's wife and family reside in New York or that defendant pays New York taxes, or even that defendant votes in New York. Neither does he deny defendant's allegation that he votes in Connecticut, an allegation that raises the presumption that defendant is a citizen of the state in which he votes. Nor has plaintiff rebutted this presumption by showing that defendant had a clear intention to be domiciled elsewhere than in Connecticut.

■■■ The plaintiff's affidavit displays a singular lack of information concerning defendant's permanent address. In fact, plaintiff fails to recognize the concept of permanency as a crucial factor in determining citizenship for diversity purposes. Inasmuch as the authorities hold that a party's domicile rather than his "center of contacts" is determinative of citizenship, the allegations as to defendant's manifold contacts with New York, even if they are the fact, do not establish defendant's New York citizenship.

■■■ The plaintiff, however, urges that since the "contacts" test is used to resolve a cognate problem—the sufficiency of corporate contacts so as to subject unlicensed foreign corporations to service of process—the same principles that are applicable in determining the corporate amenability to service of process are equally applicable to the problem of citizenship for diversity purposes. Corporations may be subject to service of process where business activity is deemed regular and systematic even though the activity is of a special and restricted nature, International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); Traveler's Health Ass'n. v. Virginia, 339 U.S. 643, 70 S.Ct. 927, 94 L.Ed. 1154 (1950) or where the suit arises out of a single transaction which is the corporation's sole contact with the state. McGee v. International Life Insurance Co., 355

U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957). The "doing business" rule is an objective test applied to a fictional entity and has nothing to do with the intentions of individuals. The "doing business" or "contacts" criteria used in determining corporate amenability to service of process are inapplicable and inapposite to the problem of individual domicile.

■■■ Plaintiff also makes the point that if the court does not permit defendant to be examined on the question of his citizenship at this juncture, defendant will have succeeded in sustaining his burden of proving citizenship by an affidavit, which he characterizes as a "mere paper declaration." But in making its point plaintiff has overlooked the fact that it also has a burden to discharge. A plaintiff challenging the removal jurisdiction of the court must controvert the allegations of the removal petition in order to present the jurisdictional question for adjudication. Carson v. Dunham, 121 U.S. 421, 7 S.Ct. 1030, 30 L.Ed. 992 (1887); Wilson v. Republic Iron Co., 257 U.S. 92, 42 S.Ct. 35, 66 L.Ed. 144 (1921); Sanders v. Atlantic Coast Line R. Co., 33 F.2d 1010 (E.D.S.C. 1929); Cipriano v. Monarch Life Ins. Co., 138 F.Supp. 50 (D.R.I. 1956). If the plaintiff properly takes issue with the removal petition, the jurisdictional issue must be determined by the District Court. Wilson v. Republic Iron Co., supra.

■■■ " 'As there is no statutory direction for procedure upon an issue of jurisdiction, the mode of its determination is left to the trial court.' Gibbs v. Buck, 1939, 307 U.S. 66, 71–72, 59 S.Ct. 725, 729, 83 L.Ed. 1111. * * * [T]he trial court may, in its discretion, hear and determine issues of fact as to jurisdiction by receiving oral testimony and other evidence. Gilbert v. David, supra, 235 U.S. [561] at pages 566, 568, 35 S.Ct. 164, 59 L.Ed. 360, or by receiving and weighing affidavits." Williams v. Minnesota Mining and Manufacturing Co., 14 F.R.D. 1 (S.D.Calif.1953).

KVOS, Inc. v. Associated Press, 299 U.S. 269, 57 S.Ct. 197, 81 L.Ed. 183 (1936); Mechanical Appliance Co. v. Castleman, 215 U.S. 437, 30 S.Ct. 125, 54 L.Ed. 272 (1910); King v. Wall and Beaver Street Corporation, 79 U.S.App.D.C. 234, 145 F.2d 377 (1944); Divine v. Union News Company, 151 F.Supp. 527 (E.D.Pa. 1957); Jamison v. Pennsylvania Power Company, 172 F.Supp. 563 (W.D.Pa. 1959). The plaintiff has failed to demonstrate a necessity for requiring more evidence *in limine*, beyond the affidavits submitted. The defendant's affidavit is sufficient to discharge the defendant's burden of proof that the court has jurisdiction on the basis of the diversity of citizenship of the parties. Accordingly, the plaintiff's motion to stay the taking of depositions by defendant is denied. The motions to take defendant's deposition on oral examination and for production and inspection of documents, Rules 26, 34 Fed.R.Civ.P. are denied. The motion to remand the case on the ground that it was improvidently removed is denied. So ordered.