**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3401
_____

FREDERICK CARLTON LEWIS,
                                                        Appellant

v.

KIM GUADAGNO, SECRETARY OF STATE;
PAULA DOW, ATTORNEY GENERAL;
JOSEPH RIPA, CAMDEN COUNTY CLERK;
TIMOTHY TYLER, BURLINGTON COUNTY CLERK;
EDWARD P. MCGETTIGAN, ATLANTIC COUNTY CLERK;
JOHN DOES I-X, (fictitious names), jointly, severally and in the alternative

WILLIAM LAYTON; TED COSTA (Intervenors in D.C.)
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 1-11-cv-02381
District Judge: Hon. Noel L. Hillman
_____

Argued September 13 and 20, 2011

Before:  SCIRICA, AMBRO and VANASKIE, *Circuit Judges*

(Filed: September 22, 2011)

William M. Tambussi, Esq. (*Argued*)
Michael J. Miles, Esq.
Brown & Connery, LLP
360 Haddon Ave.
Westmont, NJ 08108
          *Counsel for Appellant*

Donna Kelly, Esq. (*Argued*)
Robert Lougy, Esq.
Office of Attorney General of New Jersey
Richard J. Hughes Justice Complex
Trenton, NJ 08625
   *Counsel for Appellees Kim Guadagno, Secretary of State and*
   *Paula Dow, Attorney General*

James T. Dugan, Esq.
Atlantic County Department of Law
133 Atlantic Ave., 8th Floor
Atlantic City, NJ 08401
   *Counsel for Appellee Edward P. McGettigan, Atlantic County Clerk*

Peter H. Nelson, I, Esq.
Office of Solicitor of Burlington County
49 Rancocas Road, Room 225
Mt. Holly, NJ 08060
   *Counsel for Timothy Tyler, Burlington County Clerk*

Mark D. Sheridan, Esq. (*Argued*)
Drinker, Biddle & Reath
500 Campus Drive, 4th Floor
Florham Park, NJ 07932
   *Counsel for Intervenor-Appellees William Layton and Ted Costa*

_____

OPINION
_____

PER CURIAM

   Frederick Carlton "Carl" Lewis appeals from the District Court's order granting summary judgment against him in his as-applied equal protection challenge to the New Jersey Constitution's four-year state residency requirement for the office of State Senator. For the reasons set forth below, we will affirm the District Court's judgment.

## I.

On April 11, 2011, Lewis filed his nomination petition with the New Jersey Division of Elections to have his name placed on the ballot for the June 7, 2011 Democratic primary election as a candidate for State Senator in New Jersey's 8th Legislative District. William Layton and Ted Costa[1] contested Lewis's eligibility, arguing that Lewis could not meet the New Jersey Constitution's requirement that a State Senator be a citizen and resident of the State for at least four years prior to the date of his or her election.[2] The matter was referred to the Office of Administrative Law and, following a hearing on April 19, the Administrative Law Judge (ALJ) determined that Layton and Costa had failed to demonstrate that Lewis had not been a citizen and resident of New Jersey for the four-year period prior to November 8, 2011, the date of the general election.[3]

On April 26, New Jersey's Secretary of State rejected the ALJ's decision, determining that Lewis could not meet the four-year residency requirement and that he

---

[1] William Layton is the Chairman of the Burlington County Republican Committee and Ted Costa is the Chairman of Hainesport Township Republican Committee.

[2] The provision, in relevant part, states: "No person shall be a member of the Senate who shall not . . . have been a citizen and resident of the State for four years . . . next before his election." N.J.S.A. Const. Art. IV, § I, ¶ 2.

[3] The ALJ noted that he was not finding that Lewis met the durational residency requirement, only that Layton and Costa had failed to show that Lewis did not meet the requirement where the "severely limited time constraints in hearing and deciding [the] matter [did] not permit[] a fully developed record."

was therefore ineligible to run in this year's election.[4] On appeal, the Superior Court of New Jersey, Appellate Division, affirmed the Secretary's decision, "conclud[ing] that the Secretary's decision was supported by adequate evidence in the record that [Lewis] was not domiciled in New Jersey for the past four years." *Layton v. Lewis*, 2011 WL 1632039 (N.J. Super. Ct. App. Div. May 2, 2011). The New Jersey Supreme Court denied certification. *Layton v. Lewis*, 23 A.3d 912 (N.J. 2011).

In addition to the state court appeal, Lewis filed this action in the United States District Court for the District of New Jersey against the Secretary and the Attorney General of New Jersey (hereinafter Defendants), among others, alleging that the Secretary's order to remove Lewis's name from the ballot violated the U.S. Constitution's Equal Protection Clause and the New Jersey Civil Rights Act. Lewis moved for a temporary restraining order to enjoin the printing of primary election ballots in the 8th Legislative District and for an order to show cause why a preliminary injunction should not be entered. On April 28, 2011, the District Court denied Lewis's motion, holding that Lewis had failed to demonstrate a likelihood of success on the

---

[4] The Secretary determined that, notwithstanding Lewis's purchase of two condominiums in New Jersey in 2005 and the fact that he closed on his current New Jersey residence on November 16, 2007, as of November 8, 2007, the so-called "constitutional cut-off" date, Lewis was not a resident of New Jersey. In her determination, the Secretary relied heavily on evidence that Lewis was domiciled in California within the relevant four-year period, including that he voted in California in 2008 and 2009 and filed a state income tax return in California for the 2008 tax year.

4

merits of his facial challenge to the four-year residency requirement.[5] Lewis appealed, and on May 5 this Court granted Lewis's motion for preliminary injunctive relief, ordering that the primary ballots include Lewis's name, and remanded the case to the District Court for a determination on the merits of Lewis's as-applied challenge, which the District Court had not addressed.

On remand, the Defendants and Layton and Costa, who both intervened in the action (hereinafter Intervenors), moved for summary judgment, and Lewis cross-moved for summary judgment. On September 6, the District Court entered an order and opinion granting the Defendants' and Intervenors' motions for summary judgment and denying Lewis's cross-motion for summary judgment. The District Court rejected Lewis's argument that the durational residency requirement must be subjected to strict scrutiny and, applying rational basis review, held that the durational residency requirement as applied to Lewis did not violate the Equal Protection Clause. Lewis has appealed.

## II.

The District Court had jurisdiction under 28 U.S.C. §§ 1331, 1343, and 1367. We have jurisdiction under 28 U.S.C. § 1291. Our review of the District Court's grant of summary judgment is plenary. *Lamont v. New Jersey*, 637 F.3d 177, 181 (3d Cir. 2011).

---

[5] Significantly, a facial challenge to a seven-year residency requirement for State Senator in the New Hampshire Constitution was rejected in *Sununu v. Stark*, 383 F. Supp. 1287 (D.N.H. 1974) (three-judge panel), *aff'd*, 420 U.S. 958 (1975).

III.

Durational residency laws implicate equal protection concerns.[6] *See Dunn v. Blumstein*, 405 U.S. 330, 334-35 (1972). That is, a durational residence law divides "residents in two classes, old residents and new residents, and discriminate[s] against the latter to the extent of totally denying them" some benefit or right. *Id.* In this case, Lewis is denied the opportunity to run for the office of State Senator.

Where, as here, a litigant presents an "as-applied" equal protection challenge to state action, the constitutionality of the state constitutional provision on which New Jersey relied is not at issue. *See United States v. Marcavage*, 609 F.3d 264, 273 (3d Cir. 2010). Instead, the dispositive question is whether application of the constitutional provision "to a particular person under particular circumstances deprived that person of a constitutional right." *Id.* In this case, therefore, the issue is whether application of New Jersey's four-year residency requirement to Lewis deprived him of a constitutional right under the particular circumstances of this case.

Those particular circumstances include the following uncontested matters:

---

[6] The Equal Protection Clause of the Fourteenth Amendment provides that no State shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. "This 'does not forbid all classifications' but 'simply keeps governmental decisionmakers from treating differently persons who are in all relevant respects alike.'" *Keystone Redevelopment Partners, LLC v. Decker*, 631 F.3d 89, 109 (3d Cir. 2011) (quoting *Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992)). "[U]nless a classification warrants some form of heightened review because it jeopardizes exercise of a fundamental right or categorizes on the basis of an inherently suspect characteristic, the Equal Protection Clause requires only that the classification rationally further a legitimate state interest." *Nordlinger*, 505 U.S. at 10. Here, there is no contention that Lewis is in a suspect class.

6

- Under New Jersey law, the term "resident" is equated to "domicile." N.J. Stat. Ann. § 40A:9.11(d). Thus, to be a "citizen and resident" of New Jersey for purposes of the four-year State Senator eligibility requirement, a person must be domiciled in New Jersey. *See Twp. of Willingboro v. Redding*, 2007 WL 250379, at *2 (N.J. Super. Ct. App. Div. Jan. 31, 2007).

- A person can be domiciled in one state only. *See Messick v. S. Pennsylvania Bus. Co.*, 59 F. Supp. 799, 800 (E.D. Pa. 1945).

- Lewis maintained multiple residences in California and New Jersey between 2005 and 2009.

- On November 16, 2007, less than four years before the upcoming November 8, 2011 election for State Senate, Lewis closed on a home in Medford, New Jersey, and began transferring his belongings to the Medford property.

- Lewis voted in California elections in 2008 and May of 2009.

- In order to vote in California, a person must be domiciled in that State. Cal. Const. Art. 2, § 2; Cal. Elec. Code § 349.

- Lewis did not register to vote in New Jersey until April of 2011.

Lewis cannot point to a similarly situated person who, having voted as a citizen of another state less than three years before a general election in New Jersey, was deemed eligible to run for statewide office. The case upon which Lewis relies – *King v. Lopez*, 2010 WL 4940051 (N.J. Super. Ct. App. Div. Dec. 7, 2010) – concerned the election of a councilperson, not a State Senator. Moreover, the candidate, Nidia R. Lopez, had registered to vote in New Jersey eight years before running in 2009 for councilperson in Jersey City's Ward C and had regularly voted in New Jersey elections from 2001 to 2009. Although Lopez had maintained her registration to vote in Florida during this same time

frame, and may have voted by absentee ballot in Florida after moving back to New Jersey in 2001, the court found that the evidence was insufficient to show that Lopez had not intended to make her residence on Corbin Avenue, Jersey City, New Jersey, more than one year before the election in question.

Here, by way of contrast, Lewis did not register to vote in New Jersey until April of 2011, he continued to affirm his domicile in California through the Spring of 2009 by voting in California elections, and is a candidate for a New Jersey statewide office that is subject to a constitutional durational residency requirement. Under these circumstances, he cannot show that the New Jersey constitutional provision has been applied unevenly as to him. As he was treated no differently than others who are in other respects alike, there is not even a prima facie showing of an equal protection violation.

What Lewis is left with is a claim that the residency requirement infringes on fundamental rights – the right of the voters to elect a candidate of their choosing, the right of an individual to run for office unencumbered by discrimination, and the right to travel. This comes across as more of a facial as opposed to an as-applied equal protection challenge to New Jersey's durational residency requirement. That issue is not before us today.

Turning back to the as-applied challenge, Lewis "proceeds from the erroneous assumption that a law that imposes any burden upon the right to vote must be subject to strict scrutiny." *Burdick v. Takushi*, 504 U.S. 428, 432 (1992). On the contrary, courts must "examine in a realistic light the extent and nature of [the residency requirement's] impact on voters." *Bullock v. Carter*, 405 U.S. 134, 143 (1972). Lewis argues the

8

requirement prohibits citizens from voting for him. However, "[e]lection laws will invariably impose some burdens upon individual voters." *Burdick*, 504 U.S. at 433. A period of waiting simply delays votes for him should he choose to run at a later time meeting New Jersey's requirement of residency.

Lewis's contention that he has a right to run "unencumbered by discrimination" is correct. But he fails to articulate what discrimination the residency requirement imposes. Rather, he appears to argue that he has a fundamental right to run for office, but the Supreme Court has rejected the argument that an individual has a fundamental right to candidacy. *See Clements v. Fashing*, 457 U.S. 957, 963 (1982); *Bullock*, 405 U.S. at 142-43.

Lewis also claims the constitutional residency requirement imposes an "extreme burden" on his right to travel. He does not demonstrate, however, how the requirement forces him to choose between travel and another fundamental right. *See Dunn*, 405 U.S. at 342 (holding that a durational residency requirement cannot force a person to choose between travel and the basic right to vote).

Lewis has invited us to relitigate the New Jersey court's finding of his failure to meet the four-year residency requirement. We decline to revisit this state law issue that was fully litigated in state court. Moreover, the New Jersey court's reference to, and even reliance upon, Lewis's voting in California in 2008 and 2009 as an "implicit declaration of not only residence but domicile," *Layton*, 2011 WL 1632039, at *6, affords no basis for our re-examination of the state court's factual finding. While the presumption of domicile arising from the act of voting in California may be rebuttable,

there is no issue of constitutional dimension arising from the state court's treatment of this fact.  Indeed, even Lewis's counsel acknowledged the significance of the California voting record by conceding that he would not be in court on this issue but for the fact that Lewis continued to vote in California within four years of the New Jersey election date.

In short, Lewis has failed to show that, as applied to him, the four-year state residency requirement for the office of State Senator in New Jersey has treated him unequally.  Accordingly, we will affirm the judgment of the District Court.[7]

---

[7] In light of our affirmance of the District Court, the printing of ballots without Lewis's name may proceed.